RECEIVED
IN LAKE CHARLES, LA
JUL 10 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DANIEL HENDRY, ET AL. | : | DOCKET NO. 09-633 |
| VS. | : | JUDGE MINALDI |
| MEADWESTVACO CORPORATION, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Pending before this court is the plaintiffs' Motion to Remand this suit to the Thirty-Sixth Judicial District Court, Beauregard Parish, Louisiana. Doc. 26. For the following reasons, the Motion to Remand is DENIED.

### I. Background

Plaintiffs bring this action to recover damages allegedly due to exposure to "a high concentration of H2S gas [hydrogen sulfide] and other noxious and dangerous chemicals." Doc. 1-2, at 3-6, ¶ 7. Plaintiffs allege that plaintiff Daniel Hendry "suffered serious and disabling injuries to his body as a whole, including but not limited to serious and permanent neurological damages . . . ." *Id.* at 3-6, ¶ 8. Plaintiffs further assert that Daniel Hendry's injuries have resulted in "past, present and future physical pain and suffering, mental anguish and anxiety." *Id.* Plaintiff Daniel Hendry seeks damages for "past medical, rehabilitation, [and] pharmacy expenses[;] . . . future medical rehabilitation, and pharmacy expenses[;] . . . loss of wages [and] earning capacity, past, present and future[;] and loss of enjoyment of life, past, present and future. *Id.* Plaintiff Constance Hendry seeks damages for "loss of consortium, services and society of her husband, Daniel Hendry . . . ." *Id.* ¶ 13.

On April 17, 2009, defendant Total Safety U.S., Inc. ("Total Safety") removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1. Total Safety alleges that complete diversity exists between defendants and the plaintiffs, and the amount in controversy ($75,000) is satisfied. *Id.* at ¶ 8.

On May 27, 2009, plaintiffs filed the subject Motion to Remand. Doc. 26. As grounds for remand, plaintiffs allege that the amount in controversy is less than $75,000. Doc. 26-1, at 1-2. Plaintiffs have attached to the Motion to Remand a "Stipulation" signed by plaintiff Daniel Hendry and plaintiff Constance Hendry in which the plaintiffs "agree to and do stipulate" that the matter in controversy will not exceed, and that the plaintiffs "will not accept and will not be entitled to" an amount in excess of, $75,000. Doc. 26-2, Exh. A.

## II. Analysis

Diversity jurisdiction requires that complete diversity of citizenship exist between the parties, and the amount in controversy exceed $75,000. 28 § U.S.C. 1332(a); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009). In determining whether the requisite amount in controversy is satisfied, the parties may not consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

When the plaintiff has alleged an indeterminate amount of damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* This burden is met either by: (1) showing that it is facially apparent that the amount in controversy is met; or (2) setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).[1] "[W]here the district court is making the 'facially apparent'

---

[1] *See also Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) ("[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of

2

determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]. In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal. We would review that determination in a fashion similar to our Fed. R. Civ. P. 56 review." *Id.*

> The jurisdictional facts that support removal must be judged at the time of the removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

"The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (*De Aguilar II*). Instead, the defendant must produce evidence that shows that the actual amount in controversy exceeds $75,000. *Id.* If the defendant is able to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, then the plaintiff must show that it is "legally certain that his recovery will not exceed [$75,000]" in order for remand to be proper. *In re 1994 Exxon Chemical Fire*, 558 F.3d at 387 (quoting *De Aguilar II*, 47 F.3d at 1412). However, this is not a burden shifting exercise – "plaintiff must make all information known at the time he files his complaint." *Id.* (quoting *De Aguilar II*, 47 F.3d at 1412).

---

the evidence that the amount in controversy exceeds" the jurisdictional amount. This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]." If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the *facts*-[either] in the removal petition [or] by affidavit-that support a finding of the requisite amount." (internal quotations omitted)).

3

A. *Whether It Is Facially Apparent that Plaintiffs May Recover Greater than $75,000 in Damages*

In support of its argument that plaintiffs' claims meet the facially apparent test, defendant Total Safety cites several decisions in which plaintiffs, making allegations similar to those made by plaintiff Daniel Hendry, recovered greater than $75,000 in damages. As previously mentioned, plaintiff Daniel Hendry alleges that due to his exposure to hydrogen sulfide and other chemicals he has suffered serious and disabling injuries, including serious and permanent neurological damages, and mental and emotional damages.

In *Brodtmann v. Duke*, 708 So.2d 447 (La. App. 4 Cir. 1998), a ship owner and his shipmates were exposed to carbon monoxide causing the shipmates to die and the owner to suffer post-traumatic stress disorder. As a result, the trial court awarded the owner $200,000. In upholding the award, the Louisiana Fourth Circuit Court of Appeal found that the ship owner suffered mental and physical injuries from the exposure and the loss of his shipmates.

In *Jeffery v. Thibaut Oil Co.*, 652 So.2d 1021, 1026 (La. App. 5 Cir. 1995), a young man was exposed to gasoline when a hose broke while he pumped his gas. As a result of his exposure, he received $600,000 in damages related to post-traumatic stress disorder and chemical conjunctivitis.

In *Smith v. Two R Drilling Co.*, 606 So.2d 804 (La. App. 4 Cir. 1992), plaintiff was exposed to toxic fumes while cleaning a part of an oil rig known as a "mud tank." Plaintiff alleged that as a result of his exposure he suffered permanent damage to his lungs and neurological problems. On appeal the Louisiana Fourth Circuit upheld an award of $750,000 in damages.

In *Soileau v. Olin Corp.*, 467 So.2d 128 (La. App. 3 Cir. 1985), plaintiff was exposed to phosgene gas while making a delivery to defendant's chemical plant. As a result, plaintiff

4

claimed damages related to post-traumatic neuroses and loss of earning capacity. Plaintiff received a verdict of $175,000.

Other cases not cited by defendant Total Safety also support its position. *See In re New Orleans Train Car Leakage Fire Litigation*, 795 So. 2d 364 (La. App. 4 Cir. 2001) (exposure to hazardous chemicals results in award of approximately $100,000 per plaintiff); *Oubre v. Union Carbide Corp.*, 747 So. 2d 212 (La. App. 5 Cir. 1999) (amine exposure results in award of $700,000); *Wisner v. Illinois Central Gulf R.R.*, 537 So. 2d 740 (La. App. 1 Cir. 1988) (exposure to toxic chemicals results in multi-million dollar award).

Given that in many cases allegations similar to those made by plaintiff Daniel Hendry have resulted in damage awards greater than $75,000, defendant Total Safety has met its burden of showing it is facially apparent plaintiffs may recover greater than $75,000 in this action.

B. *Whether Plaintiffs' Stipulation Divests This Court of Jurisdiction*

Plaintiffs attempt to divest this court of its jurisdiction by a stipulation limiting recovery to $75,000. Notably, no allegation of limitation as to damages appeared in plaintiffs' state court petition. Further, the signed stipulation bears this court's case caption and civil action number rather than one from state court. Thus, it is evident that the stipulation was entered into after the instant matter was removed to federal court.

Post removal affidavits are not sufficient to defeat federal jurisdiction. "A plaintiff must make all information known at the time he files his complaint." *In re 1994 Exxon Chemical Fire*, 558 F.3d at 387 (quoting *De Aguilar II*, 47 F.3d at 1412). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d at 883. Because defendant Total Safety

has met its burden of showing it is facially apparent that plaintiffs' claims exceed $75,000, plaintiffs' post-removal affidavit does not divest this court of its jurisdiction.

### III. Conclusion

In accordance with the preceding, plaintiffs'ms Motion to Remand [Doc. 26] is DENIED.

Thus done and signed in chambers in Lake Charles, Louisiana, this 9th day of July, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE